Case 1:21-cv-03123-JAG    ECF No. 17    filed 03/31/23    PageID.1686    Page 1 of 12

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 31, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TAWNYA I.,<br><br>  Plaintiff,<br><br>  v.<br><br>KILOLO KIJAKAZI,<br>ACTING COMMISSIONER OF<br>SOCIAL SECURITY,<br><br>  Defendant. | No.1:21-CV-03123-JAG<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 11, 13. Attorney D. James Tree represents Tawnya I. (Plaintiff); Special Assistant United States Attorney Joseph Langkamer represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge by operation of Local Magistrate Judge Rule (LMJR) 2(b)(2) as no party returned a Declination of Consent Form to the Clerk's Office by the established deadline. ECF No. 16. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS IN PART** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

### I.    JURISDICTION

Plaintiff filed an application for Disability Insurance Benefits on June 10, 2019, alleging disability since February 1, 2015, Tr. 144-47, due to severe

peripheral neuropathy, chronic pain, depression, anxiety, and insulin dependent diabetes mellitus, Tr. 173. She later amended her onset date to December 31, 2015, which is the day her insurance expired. Tr. 15, 17, 65, 157. The application was denied initially and upon reconsideration. Tr. 108-10, 115-21. Administrative Law Judge (ALJ) Gregory Moldafsky held a hearing on December 2, 2020, Tr. 60-89, and issued an unfavorable decision on February 3, 2021, Tr. 15-25. Plaintiff requested review of the ALJ's decision by the Appeals Council and the Appeals Council denied the request for review on August 3, 2021. Tr. 1-6. The ALJ's February 2021 decision is the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on September 27, 2021. ECF No. 1.

## II. STATEMENT OF FACTS

Plaintiff was born in 1965 and was 50 years old as of the alleged onset date. Tr. 15, 17, 65, 157. She has a college education and work history as a human resources assistant. Tr. 76-77, 84. Plaintiff suffers from diabetes mellitus, diabetic neuropathy, anxiety, and obesity. Tr. 17, 67. Her last day of disability insurance coverage was December 31, 2015. Tr. 15, 157.

## III. STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health & Hum. Servs.*, 839 F.2d 432, 433 (9th Cir. 1988).

### IV.   SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 404.1520(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four the claimant bears the burden of establishing disability. *Tackett*, 180 F.3d at 1098-99. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 404.1520(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show: (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 404.1520(a)(4)(v).

## V.  ADMINISTRATIVE FINDINGS

On February 3, 2021, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.  Tr. 15-25.

At *step one*, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date.  Tr. 17.

At *step two*, the ALJ determined Plaintiff had the following severe impairments by the alleged onset date: diabetes mellitus, diabetic neuropathy, and obesity.  *Id.*

At *step three*, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments by the alleged onset date.  Tr. 19-20.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found she could perform light work through the date last insured, except:

> [C]laimant requires a sit/stand option where she would be limited to standing and/or walking up to 4 hours in an 8-hour workday. She can only occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds; occasionally stoop, balance, kneel, and crouch; never crawl; and never work at unprotected heights.

Tr. 20.

At *step four*, the ALJ found Plaintiff was capable of performing past relevant work as a human resources assistant through her date last insured.  Tr. 23.

At *step five* the ALJ found that, considering Plaintiff's age, education, work experience and residual functional capacity, there were other jobs that existed in significant numbers in the national economy that Plaintiff could perform, specifically identifying the representative occupations of office helper, routing clerk, and mail sorter.  Tr. 24.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act on her date last insured.  Tr. 25.

## VI.  ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the Commissioner erred by: (1) failing to address the opinions of Derek Weaver, D.O.; (2) finding Plaintiff did not have a severe mental impairment prior to her date last insured; and (3) discounting Plaintiff's claim that her disabling impairments began before her date last insured.

## VII.  DISCUSSION

### A.  <u>Opinion Evidence of Derek Weaver, D.O.</u>

Plaintiff contends the ALJ erred by ignoring Dr. Weaver's opinions. ECF No. 11 at 4-9. Dr. Weaver treated Plaintiff and opined that Plaintiff's disabling limitations existed since her date last insured. Tr. 805, 855-58. The ALJ did not address Dr. Weaver's opinion. Tr. 15-25.

For claims filed on or after March 27, 2017, the ALJ must consider the persuasiveness of each medical opinion and prior administrative medical finding, regardless of whether the medical source is an Acceptable Medical Source. 20 C.F.R. § 404.1520c(c). The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). *Id.* The regulations make clear the ALJ must articulate how persuasive he finds each medical opinion. 20 C.F.R. § 404.1520c(b).

The Ninth Circuit has held that the new regulatory framework displaces the longstanding case law requiring an ALJ to provide "specific and legitimate" or "clear and convincing" reasons for rejecting a treating or examining doctor's opinion. *Woods v. Kijakazi*, 32 F.4th 785 (9th Cir. 2022). An ALJ still "cannot

reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Id.* at 792.

Defendant argues the ALJ was not required to address Dr. Weaver's opinions because they were merely conclusory assertions that Plaintiff was disabled. ECF No. 13 at 13-15. While it is true that an ALJ is not required to address conclusory assertions that a claimant is disabled, 20 C.F.R. § 404.1520b(c)(3)(i), Dr. Weaver's opinions were more than conclusory assertions, *see* Tr. 799, 805, 855-58. Specifically, Dr. Weaver noted that Plaintiff suffered from poorly controlled diabetes with neuropathy and that she had recently gotten these issues under control with improved habits. Tr. 805. He briefly stated Plaintiff's diagnoses, symptoms, and treatments, Tr. 855, and opined that Plaintiff's limitations had existed since at least December 31, 2015, Tr. 856. Dr. Weaver also stated that Plaintiff would need to lie down intermittently during the day. Tr. 857.

The Ninth Circuit rejected a position similar to Defendant's in *Hill v. Astrue*, 698 F.3d 1153, 1159-60 (9th Cir. 2012). There, the ALJ failed to address an examining physician's opinion that the claimant's "'combination of mental and medical problems makes the likelihood of sustained full time competitive employment unlikely.'" *Id.* at 1160. The Commissioner argued the error was harmless because a statement that the claimant could not work was an opinion on a question reserved to the Commissioner and, therefore, nonbinding. *Id.* The Ninth Circuit construed the physician's statement as an assessment, based on medical evidence, of the *likelihood* the claimant would be able to sustain employment. *Id.* Here, because the physician's statements were more than a conclusory assertion, the ALJ was required to address the statements. *Id.*

Although Dr. Weaver did not state his opinion as a "likelihood," he did more than assert the conclusion that Plaintiff was disabled. Tr. 799, 805, 855-58. He

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 6

offered an assessment of Plaintiff's physical limitations and gave reasons for his assessment. *Id.* Accordingly, the ALJ was required to address Dr. Weaver's opinion. *See Woods*, 32 F.4th at 792; *Hill*, 698 F.3d at 1159-60. The ALJ erred by failing to do so.

This does not mean the ALJ is required to credit all of Dr. Weaver's opinions. Dr. Weaver opined Plaintiff's limitations had existed since at least December 31, 2015, but he did so in response to a leading question on a form prepared by Plaintiff's attorney. Tr. 856. And, more significantly, Dr. Weaver's opinion is contrary to Plaintiff's own unambiguous statements that her leg pain first started in January 2016. *See* Tr. 706; *see also* Tr. 335.[1]

The ALJ is responsible for weighing medical opinions. *See Thomas v. Barnhart*, 278 F.3d 947, 956-58 (9th Cir. 2002). Upon remand, the ALJ shall evaluate Dr. Weaver's opinions.

**B.    Step Two.**

Plaintiff argues the ALJ erred at step two by failing to find any mental health disorder to be a severe impairment. ECF No. 11 at 9-13. At step two of the sequential evaluation process, the ALJ must determine whether the claimant has any medically determinable severe impairments. 20 C.F.R. § 404.1520(a)(ii). The impairment "must result from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1521. An impairment is "not severe" if it does not "significantly limit" the ability to conduct "basic work activities." 20 C.F.R. § 404.1522(a). Basic work activities are "abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1522(b). "An impairment or combination of

---

[1] This is also contrary to notes in Dr. Weaver's file showing Plaintiff's neuropathy onset date was August 12, 2016. Tr. 803, 808, 813, 818.

impairments can be found not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (internal quotation marks omitted). The claimant bears the burden of demonstrating that an impairment is medically determinable and severe. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009).

The ALJ reviewed the record. TR. 17-19. He noted Plaintiff had been diagnosed with anxiety but considered all her symptoms, regardless of the diagnosis associated with those symptoms. Tr. 18. The ALJ also observed that Plaintiff had complained of depression, anxiety, and difficulty sleeping in July 2015, and again in September 2015. Tr. 18, 294, 296, 304-05. After beginning treatment, Plaintiff's symptoms subsided and stabilized, and her mental status examinations returned to normal. Tr. 18, 283, 290, 305, 345. Based on this record, the ALJ found Plaintiff's impairments were non-severe as of December 31, 2015, because they caused no more than mild limitations. Tr. 18.

Plaintiff offers a competing interpretation of the record. ECF No. 11 at 9-13. She points to statements that she "felt stir crazy" shortly after her date last insured. *Id.* at 11. She also identifies evidence of severe distress from pain more than four years after her date last insured. *Id.* Plaintiff argues this evidence shows her mental health impairments were severe and lasted more than 12 months. ECF No. 14 at 6-7. It was reasonable, however, for the ALJ to find, based on the record, that Plaintiff suffered no more than mild impairments as of December 31, 2015. Even if Plaintiff's interpretation of the record is also reasonable, the ALJ's interpretation is binding because substantial evidence supports the ALJ's interpretation. *See Sprague*, 812 F.2d at 1229-30.

C.     **Plaintiff's Subjective Statements.**

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 8

Plaintiff contends the ALJ erred by improperly rejecting her testimony that she began to suffer debilitating pain before December 31, 2015. ECF No. 11 at 13-20. It is the province of the ALJ to assess the claimant's allegations. *Andrews*, 53 F.3d at 1039. The ALJ's findings, however, must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen*, 80 F.3d at 1281; *see also Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996), *superseded on other grounds by regulation*. "General findings are insufficient; rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834 (citing *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993)).

Here, Plaintiff testified that her leg pain first started "getting bad" in July 2015. Tr. 80-81. The ALJ acknowledged that Plaintiff ultimately developed severe diabetic neuropathy. Tr. 21. The ALJ, however, rejected her claim that the related pain and foot drop began before 2016, and gave specific, clear and convincing reasons for doing so. Tr. 21-22.

First, Plaintiff's claim was inconsistent with her own previous statements. Tr. 21, 335, 706. In March 2016, Plaintiff told her primary care provider that her pain started in January 2016, following her hysterectomy. Tr. 21, 335. She repeated that statement in July, this time telling her neurology specialist, unambiguously, that the pain began in January 2016 and worsened in February 2016. Tr. 21, 706. She also told the neurology specialist the weakness in her foot began overnight in June 2016. Tr. 21, 706. Plaintiff's contrary statements were a

specific, clear and convincing reason for rejecting Plaintiff's testimony that her symptoms began before December 31, 2015. *See* 20 C.F.R. § 404.1529(c)(4); *Farlow v. Kijakazi*, 53 F.4th 485, 489 (9th Cir. 2022).

Plaintiff offers an alternative explanation for some of the notes indicating her debilitating pain began in 2016. *See* ECF No. 11 at 14 (citing Tr. 11). Plaintiff does not, however, explain the unambiguous statements, identified by the ALJ, that the pain and foot drop began in 2016. *Compare* ECF No. 11 at 13-17, *with* Tr. 21, 35, 706. Moreover, even if Plaintiff offered a reasonable alternative explanation for all of her inconsistent statements, the ALJ's interpretation is conclusive because substantial evidence supports the ALJ's findings. *See Sprague*, 812 F.2d at 1229-30.

Plaintiff also argues the ALJ cannot reject her testimony merely because there is no objective medical evidence to support it. ECF No. 11 at 13-15, 14 at 8-9. The ALJ, however, did not reject Plaintiff's testimony simply because there was no objective medical evidence to support it. *See* Tr. 21. Rather, the ALJ rejected Plaintiff's testimony because it was inconsistent with her prior statements. Notably, "[a]lthough lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis." *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005).

Second, the ALJ found Plaintiff's statements were inconsistent with her activities in 2015. Tr. 22. Plaintiff was the primary caretaker for both her father, who had dementia, and her mother, who was morbidly obese. *Id.* Plaintiff drove her father daily. Tr. 22, 74. She also cleaned her home, did laundry, and went shopping Tr. 22, 713. It was reasonable for the ALJ to find these activities were inconsistent with Plaintiff's claim that she had debilitating pain before 2016. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 10

Plaintiff argues the ALJ did not sufficiently explain how Plaintiff's activities were inconsistent with her claim that she suffered debilitating pain prior to 2016, citing *Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017). ECF No. 11 at 16-17. In *Trevizo*, however, "there [wa]s almost no information in the record about [the claimant's] childcare activities," and the ALJ relied on the mere fact that the claimant cared for small children to conclude that her activities were inconsistent with her claims. *Trevizo*, 871 F.3d at 682. Here, unlike in *Trevizo*, the ALJ specifically noted that Plaintiff was the *primary* caregiver for two people with severe health problems and that she drove, cleaned, laundered, and shopped. *See* Tr. 22; *cf. Rollins*, 261 F.3d at 857. Taken together with the evidence discussed above, Plaintiff's activities in 2015 were another clear and convincing reason for rejecting Plaintiff's claim that her debilitating pain began in 2015. *See Rollins*, 261 F.3d at 857.

The Court finds the ALJ gave specific, clear and convincing reasons for rejecting Plaintiff's claim that her debilitating pain began before 2016.

## VIII.  CONCLUSION

The ALJ did not err by finding Plaintiff did not have a severe mental health impairment before 2016. Nor did the ALJ err by rejecting Plaintiff's statement that her debilitating pain started before 2016. Those decisions are affirmed. The ALJ did, however, err by failing to evaluate the opinions of Dr. Weaver. Therefore, remand is appropriate. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014). On remand, the ALJ shall evaluate Dr. Weaver's opinion.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 11**, is **GRANTED IN PART**.

    2.    Defendant's Motion for Summary Judgment, **ECF No. 13**, is **DENIED**.

    3.    The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

    4.    An application for attorney fees may be filed by separate motion.

    5.    The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

    **IT IS SO ORDERED.**

    DATED March 31, 2023.



                         _____
                                JAMES A. GOEKE
                        UNITED STATES MAGISTRATE JUDGE